**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephen CHISHOLM, a.k.a. Stephenegeno
Chisholm, Defendant–Appellant.**

No. 95–5433
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 18, 1997.

Manuel L. Dobrinsky, Kathleen M. Williams, Assistant Fed. Public Defenders, Miami, FL, for Defendant–Appellant.

Dawn Bowen, Asst. U.S. Atty., Miami, FL, for Plaintiff–Appellee.

Before BIRCH and CARNES, Circuit Judges, and KRAVITCH *, Senior Circuit Judge.

PER CURIAM:

Stephen Chisholm moved in the district court for a dismissal of Count I of his indictment for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), on the ground that this statute is an unconstitutional exercise of Congress's Commerce Clause authority, and citing the Supreme Court's decision in *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). When the district court denied his motion, Chisholm pleaded guilty. He raises the *Lopez* issue again on appeal.

Chisholm recognizes that his argument has been rejected by this court and every other circuit which has considered the issue. *See United States v. McAllister*, 77 F.3d 387, 390 (11th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996).[1] He contends, however, that this court should revisit the *McAllister* decision because it conflicts with our decision in *United States v. Denalli*, 73 F.3d 328 (11th Cir.), *modified*, 90 F.3d 444 (1996), and with *Lopez* itself.

In *Denalli*, we held that a defendant could not be convicted under the federal arson statute, 18 U.S.C. § 844(i), without proof that the private residence[2] destroyed "was used

---

* Judge Kravitch was in regular active service when this matter was originally submitted but has taken senior status effective January 1, 1997.

1. *See also United States v. Wells*, 98 F.3d 808, 811 (4th Cir.1996); *United States v. Gateward*, 84 F.3d 670, 671–72 (3d Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 268, 136 L.Ed.2d 192 (1996); *United States v. Abernathy*, 83 F.3d 17, 20 (1st Cir.1996); *United States v. Spires*, 79 F.3d 464, 466 (5th Cir.1996); *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996); *United States v. Sorrentino*, 72 F.3d 294, 296–97 (2d Cir.1995); *United States v. Bell*, 70 F.3d 495, 497–98 (7th

Cir.1995); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1364, 134 L.Ed.2d 530 (1996); *United States v. Hanna*, 55 F.3d 1456, 1462 n. 2 (9th Cir.1995).

2. We note that *Denalli* involved a special case: the arson of a private residence. By contrast, we recently upheld a conviction under the arson statute for the burning of a restaurant catering to interstate travelers, where "the requisite connec-

in an activity that had a substantial effect on interstate commerce." 90 F.3d at 444. We reasoned that *Lopez* limited Congress's Commerce Clause authority only to activities that "substantially" affect interstate commerce, and that Congress could not make it a federal crime to burn private property with a less than "substantial" connection to interstate commerce, even though the statute's language does not require a "substantial" effect.[3]

In *McAllister*, we rejected the defendant's argument that he could not be convicted under the statute prohibiting felons from possessing a firearm, 18 U.S.C. § 922(g)(1), without proof that his possession "substantially" affected interstate commerce. Like *Denalli*, *McAllister* involved a statute that did not require a "substantial" connection to commerce.[4] In *McAllister*, however, we ruled that so long as the weapon in question had a "minimal nexus" to interstate commerce, the Constitution is satisfied. *McAllister*, 77 F.3d at 389–90.

Chisholm argues that *Denalli*'s "substantial effect" test and *McAllister*'s "minimal nexus" test are in tension. Assuming, *arguendo*, that Chisholm is correct, we nonetheless are bound by the *McAllister* panel's decision, as Chisholm was convicted under the exact statute at issue in *McAllister*, and the opinion remains binding precedent. *See United States v. Adams*, 91 F.3d 114, 115 (11th Cir.1996) (applying *McAllister*).[5]

Accordingly, the decision of the district court is AFFIRMED.

---

tion to interstate commerce is apparent." *United States v. Utter*, 97 F.3d 509, 516 (11th Cir.1996).

3. 18 U.S.C. § 844(i) makes illegal the burning of "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce...."

4. 18 U.S.C. § 922(g) makes it illegal for a felon to "possess in or affecting commerce, any firearm or ammunition."

5. *See United States v. Hutchinson*, 75 F.3d 626, 627 (11th Cir.) (noting that only *en banc* court may revisit prior panel decision), *cert. denied,* —— U.S. ——, 117 S.Ct. 241, 136 L.Ed.2d 170 (1996).